UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
KIMBERLY SULLIVAN-CHILTON,                              Civil Action No.:   22-2214

                Plaintiff,

                                                                                  **COMPLAINT**

    -against-

DPNY HOSPITALITY,

               Defendant.
---------------------------------------------------------------------X

       Plaintiff by her attorneys, McANDREW, CONBOY & PRISCO, LLP, complaining of the defendants, alleges the following upon information and belief:

## IDENTIFICATION OF THE PARTIES

    1.     That at all times hereinafter mentioned, plaintiff, KIMBERLY SULLIVAN-CHILTON, was and still is a resident the State of New York.

    2.     The defendant, DPNY HOSPITALITY (hereinafter referred to as DPNY), at all times hereinafter mentioned, was and still is a foreign business corporation organized and existing under the laws of the State of Michigan, with its principal place of business situated in the State of Michigan.

    3.     The defendant, DPNY, at all times hereinafter mentioned, conducted and carried on business in the State of New York.

    4.     At all times hereinafter mentioned, defendant DPNY, transacted business within the State of New York.

    5.     At all times hereinafter mentioned, defendant DPNY, derived substantial

revenue from goods used or consumed or services rendered in the State of New York.

6. At all times hereinafter mentioned, defendant DPNY, was and still is a foreign corporation, duly authorized to do business in the State of New York.

## JURISDICTION AND VENUE

7. That jurisdiction exists in this Court pursuant to 28 U.S.C. 1332(a)(1) in that there is complete diversity of citizenship between the plaintiff and the defendant herein, and this action sounds in negligence with the amount of damages in controversy exceeds the sum of SEVENTY FIVE THOUSAND ($75,000) DOLLARS, exclusive of costs and interests.

8. That venue exists in this Court pursuant to 28 U.S.C. 1391(a) in that jurisdiction is founded upon diversity of citizenship and this is a judicial district wherein the Plaintiff resides.

## JURY DEMAND

9. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## AS AND FOR A FIRST CAUSE OF ACTION

10. At all times hereinafter mentioned, the defendant DPNY, owned the premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

11. At all times hereinafter mentioned, the defendant DPNY was one of the owners of the premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

12. At all times hereinafter mentioned, the defendant DPNY, was a lessee of the premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

13. At all times hereinafter mentioned, the defendant DPNY's, servants, agents and/or employees operated the premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

14. At all times hereinafter mentioned, the defendant DPNY,'s servants, agents and/or employees maintained the premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

15. At all times hereinafter mentioned, the defendant DPNY's servants, agents and/or employees managed the premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

16. At all times hereinafter mentioned, the defendant DPNY's servants, agents and/or employees controlled the premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

17. At all times hereinafter mentioned, the defendant DPNY's servants, agents and/or employees supervised the premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

18. At all times hereinafter mentioned, the defendant DPNY's servants, agents and/or employees repaired the premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

19. At all times hereinafter mentioned, the defendant DPNY's servants, agents

and/or employees inspected the premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

20. At all times hereinafter mentioned, the defendant DPNY's servants, agents and/or employees constructed the premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

21. At all times hereinafter mentioned, the defendant DPNY's servants, agents and/or employees designed the premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

22. At all times hereinafter mentioned, it was the duty of the defendant DPNY's servants, agents and/or employees to maintain said premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228, in a reasonably safe and suitable condition and in good repair.

23. On or about April 26, 2019, plaintiff KIMBERLY SULLIVAN-CHILTON was a lawful patron at the defendant's premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228.

24. On or about April 26, 2019, while plaintiff, KIMBERLY SULLIVAN-CHILTON was lawfully at the defendants premises known as Doubletree by Hilton, Dearborn, located at 5801 Southfield Expressway, Detroit, Michigan 48228, when she was caused to trip and fall by reason of dangerous, hazardous and unsafe condition, causing her to sustain serious personal injuries with attendant special damages.

25. That the defendant, its agents, servants and/or employees were careless, negligent, grossly negligent and reckless in failing to keep and maintain the

aforementioned flooring in a safe and proper condition; in failing to provide a safe walking surface; in causing plaintiff to fall and be injured because of the dangerous condition, i.e.: a chalkboard sign in a public walkway blocking pedestrian/patron egress and ingress; in allowing said conditions to exist, which were caused, created, and/or permitted to remain thereat for a long, unreasonable and unlawful period of time prior to this accident; in causing, creating, and/or permitting said walkway to be, become and remain in a dangerous, hazardous and defective condition for a long, unreasonable and unlawful period of time prior to this accident; in failing to properly remedy, correct or repair the dangerous conditions there existing; in failing to provide safe passage for the public and plaintiff thereat; in exposing the public and plaintiff to danger and harm; in failing to properly inspect, maintain, operate, control, manage, supervise; in failing to cordon off the dangerous conditions; in failing to give any notice or warning of said dangerous conditions existing thereat; in violating those laws, ordinances, statutes, rules and regulations applicable hereto of which the Court may take judicial notice; and in failing to exercise due care, diligence and forbearance so as to have avoided this occurrence and the injuries to the plaintiff herein.

26. That as a result of the foregoing, the plaintiff suffered personal injuries of a serious and permanent nature.

27. That as a result of the foregoing, the plaintiff has been rendered sore, sick, lame and disabled, with accompanying serious and severe pain and suffering.

28. That as a result of the foregoing, the plaintiff has been obliged to and did necessarily employ medical and therapeutic aid and attendance and did necessarily pay

and become liable therefor, and will hereinafter incur further expenses of a similar nature.

29. That as a result of the foregoing, plaintiff has been confined to the hospital, bed and her home.

30. That as a result of the foregoing, plaintiff has been unable to carry on her usual occupation and daily activities, her life and style of living.

31. That as a result of the foregoing, the plaintiff has been subjected to shock and trauma to her nervous system and has suffered mental and emotional disturbance and distress.

32. That plaintiff's injuries were caused solely and entirely by defendants' negligence, recklessness and carelessness.

33. That the causes of action asserted herein fall within one or more of the exceptions set forth in CPLR §1600 through §1603.

34. That as a result of the foregoing, plaintiff is entitled to judgment against the defendants in a sum of money which is in excess of the monetary jurisdiction of all lower courts which would otherwise have jurisdiction, plus costs and disbursements, together with any such other and further relief which is just, equitable, and proper.

**WHEREFORE**, the plaintiffs demand that judgment be entered against the defendants as follows:

a) in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction;

b) plus costs, disbursements and attorneys' fee of this action; and

c) for any such other and further relief which is just, equitable, and proper.

The signature certifies that to the best of the certifier's knowledge the statements in this paper are correct.

Dated: Melville, New York
March 7, 2022

Yours, etc.,

McANDREW, CONBOY & PRISCO, LLP

By: _____
MICHAEL P. CONBOY, ESQ.
*Attorneys for the Plaintiff*
1860 Walt Whitman Road, Suite 800
Melville, NY 11747
P: (516) 921-8600
F: (516) 921-5728

# VERIFICATION

STATE OF NEW YORK )
) SS.:
COUNTY OF Suffolk )

I, KIM SULLIVAN CHILTON, being duly sworn, deposes and says:

I am the plaintiff in the within action; I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

_____
KIM SULLIVAN CHILTON

Sworn to before me this
5 day February 2022

_____
Notary Public

LINDA S. CARLSON
Notary Public, State of New York
No. 01CA6137178
Qualified in Suffolk County
Commission Expires Nov. 14, 2025